7CJAAMAGP1.txt

1

7CJAAMAGP                    Plea
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    UNITED STATES OF AMERICA,
3
4                 v.                              07 SD 312 (RLE)
4
5    SANTO C. MAGGIO,
5
6                 Defendant.
6
7    ------------------------------x
7
8                                          New York, N.Y.
8                                          December 19, 2007
9                                          11:30 a.m.
9
10
10   Before:
11
11                    HON. RONALD L. ELLIS,
12
12                                          Magistrate Judge
13
13
14                        APPEARANCES
14
15   JAMES B. COMEY
15       United States Attorney for the
16       Southern District of New York
16   NEIL BAROFSKY
17   CHRISTOPHER GARCIA
17       Assistant United States Attorney
18
18   PAUL SHECHTMAN
19       Attorney for Defendant Maggio
19
20   SCOTT E. HERSHMAN
20       Attorney for Defendant Maggio
21
22
23
24
25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

⌷                                                                    2

7CJAAMAGP                    Plea
1           (Case called)
2           MR. BAROFSKY:  Neil Barofsky and Christopher Garcia
3    for the government.
4           Good morning, your Honor.
5           MR. SCHECTMAN:  Paul Shechtman, for Mr. Maggio, with
6    Scott Hershman, for Mr. Maggio.
7           THE COURT:  Okay.  I understand that he is going to be
8    pleading to an information.
9           MR. SCHECTMAN:  Correct, your Honor.
10          THE COURT:  Has he waived indictment yet?
11          MR. SCHECTMAN:  You have the paperwork.  We're ready
12   to waive.
                            Page 1

```
                                7CJAAMAGP1.txt
13              THE COURT:  We will do those separately.  Treat the
14     waiver as it should be and then I'll consider the taking of the
15     plea.
16              MR. SCHECTMAN:  Sounds right.
17              COURTROOM DEPUTY:  You are Santo Maggio?
18              THE DEFENDANT:  Yes.
19              COURTROOM DEPUTY:  Have you signed this waiver of
20     indictment.
21              THE DEFENDANT:  Yes.
22              COURTROOM DEPUTY:  Before you signed it did you
23     discussion it with your attorney?
24              THE DEFENDANT:  Yes.
25              COURTROOM DEPUTY:  Did he explain it to you?
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

3

```
       7CJAAMAGP            Plea
1               THE DEFENDANT:  Yes.
2               THE COURT:  Do you understand what you are doing?
3               THE DEFENDANT:  Yes.
4               COURTROOM DEPUTY:  Do you understand that you are
5      under no obligation to waive indictment?
6               THE DEFENDANT:  Yes.
7               COURTROOM DEPUTY:  Do you understand that if you do
8      not waive indictment, if the government wants to prosecute you
9      they will have to present this case to a grand jury which may
10     or may not indict you?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Do you realize by that by signing this
13     waiver of indictment you have given up your right to have this
14     case presented to a grand jury?
15              THE DEFENDANT:  Yes, I do.
16              COURTROOM DEPUTY:  Have you seen a copy of the
17     information?
18              THE DEFENDANT:  Yes, I did.
19              THE COURT:  Would you like for me to read it to you?
20              THE DEFENDANT:  No.
21              COURTROOM DEPUTY:  How do you plead?
22              THE DEFENDANT:  Guilty.
23              COURTROOM DEPUTY:  The case has already been assigned
24     to Judge Stein.
25              MR. SCHECTMAN:  Correct.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

4

```
       7CJAAMAGP            Plea
1               MR. BAROVSKY:  Your Honor, we consent to the defendant
2      being released on his own recognizance.
3               MR. SCHECTMAN:  We don't object to that.
4               THE COURT:  Technically to the information you are
5      supposed to plead "not guilty".
6               MR. SCHECTMAN:  I think that is right and it is my
7      apologies.
8               THE DEFENDANT:  I plead not guilty now and then later
9      of guilty.
10              MR. SCHECTMAN:  Not guilty at this time, your Honor,
11     but we will be entering a guilty plea.
12              THE COURT:  Objection.  All right.  Now, the actual
13     plea has been referred by Judge Stein; is that it?
14              MR. BAROVSKY:  Yes, your Honor.
15              THE COURT:  And how many counts in the information?
16              MR. BAROVSKY:  Your Honor, there are four counts.
17              THE COURT:  What is he pleading to?
                              Page 2
```

7CJAAMAGP1.txt
```
18              MR. BAROFSKY:  All four counts, Judge.
19              THE COURT:  Okay.  Mr. Maggio, this matter has been
20    referred to me before Judge Stein for the purpose of taking
21    your plea.  Did you consent to proceed before a United States
22    magistrate judge on your felony plea allocution?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Before you signed it did you discuss it
25    with your attorneys?
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

                                                                    5
7CJAAMAGP                    Plea
```
 1              THE DEFENDANT:  Yes, your Honor.
 2              THE COURT:  Did they explain it to you?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  Do you understand that you have an
 5    absolute right to have this proceeding before a United States
 6    district judge?
 7              THE DEFENDANT:  Yes, I do.
 8              THE COURT:  You are voluntarily proceeding before a
 9    United States magistrate judge?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Mr. Maggio, you are charged in a four
12    count information.  Count One of the information charges you,
13    well, conspiracy to commit securities fraud, wire fraud, bank
14    fraud and money laundering and to make false filings with the
15    SEC and material misstatements to auditors in violation of
16    Title 18 U.S.C. Sections 371.  This crime carries a maximum
17    sentence of five years imprisonment, a maximum fine which is
18    the greatest of either $250,5000 or twice the gross pecuniary
19    gain derived from the offense or twice the gross pecuniary loss
20    to persons other than yourself as a result of the offense.
21    There is a $100 special assessment and a term of supervised
22    release of three years.
23              Counts Two and Three of the information charge you
24    with securities fraud in violation of Title 15 U.S.C. Section
25    78 (J) (B) and 78 (F) (F) and Title 17 Code of Federal
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

                                                                    6
7CJAAMAGP                    Plea
```
 1    Regulations Section 240, 10 (B) (5) and each of those counts
 2    carries a maximum sentence of 20 years imprisonment, a maximum
 3    fine which is the greatest of either five million dollars or
 4    twice the gross pecuniary gain derived from the offense and
 5    twice the gross pecuniary loss of persons other than yourself
 6    as a result of the offense.  Each also has a $100 special
 7    assessment and a term of supervised release of three years.
 8              Count four of the information charges you with wire
 9    fraud in violation of Title 18 U.S.C. Section 1343 and carries
10    a maximum sentence of 0 years imprisonment, a maximum fine
11    which is the greatest of either $250,000 or twice the gross
12    pecuniary gain derived from the offense, or twice the gross
13    pecuniary loss to person others than yourself as a result of
14    the offense.  It carries a $100 special assessment and a term
15    of supervised release of three years.
16              A total maximum sentence of incarceration on the
17    information is 65 years imprisonment.  In addition to the
18    foregoing the Court must order restitution with respect to the
19    information and in accordance with U.S.C.
20              In addition, if you are sentenced to any period of
21    supervised release and violate the conditions of your
22    supervised release you may be sentenced to all or part of the
```
                               Page 3

7CJAAMAGP1.txt
```
23    supervised release as authorized by statute without any credit
24    for time already served on supervised release.
25              Do you understand that?
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

```
      7CJAAMAGP              Plea
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  So you understand these penalties as I've
 3    read them to you?
 4              THE DEFENDANT:  Yes, I do.
 5              THE COURT:  Have you seen a copy of the information in
 6    which the government makes these charges against you?
 7              THE DEFENDANT:  Yes, I do.
 8              THE COURT:  Have you discussed it with your attorneys?
 9              THE DEFENDANT:  Yes, your Honor.
10              THE COURT:  Are you prepared to enter a plea today?
11              THE DEFENDANT:  Yes, I am.
12              THE COURT:  Santo Maggio, how do you plead?
13              THE DEFENDANT:  Guilty.
14              THE COURT:  Mr. Maggio, before I can recommend that
15    your plea be accepted I must determine that you understand the
16    plea and its consequences, that the plea is voluntary and that
17    there's a factual basis for the plea.  For that purpose I must
18    ask you a number of questions and your answers must be under
19    oath.  Do you understand that the answers you give under oath
20    may subject you to prosecution for perjury if you do not tell
21    the truth?
22              THE DEFENDANT:  Yes, I do.
23              THE COURT:  Raise your right hand.
24              (Defendant Santo C. Maggio sworn)
25              THE COURT:  Thank you.  Please state your full name
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

```
      7CJAAMAGP              Plea
 1    for record.
 2              THE DEFENDANT:  Santo C. Maggio.
 3              THE COURT:  How far did you go in school?
 4              THE DEFENDANT:  I finished high school.
 5              THE COURT:  Are you currently being treated by a
 6    doctor or psychiatrist for any reason?
 7              THE DEFENDANT:  No.
 8              THE COURT:  Are you currently on any medications which
 9    might effect you in being alert for this proceeding?
10              THE DEFENDANT:  No.
11              THE COURT:  Are you any difficulty seeing, hearing or
12    understanding anything that I am saying?
13              THE DEFENDANT:  No.
14              THE COURT:  Have you had enough time to discuss with
15    your attorneys how you wish to plead?
16              THE DEFENDANT:  Yes.
17              THE COURT:  Are you satisfied with your attorneys?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Do you understand what the government says
20    that you did?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Do you understand that have you a right to
23    plead not guilty?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Do you understand that you have a right to
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
                           Page 4
```

7CJAAMAGP1.txt

9

7CJAAMAGP                 Plea
1   trial by jury on these charges?
2            THE DEFENDANT:  Yes.
3            THE COURT:  Do you understand that if you are to plead
4   not guilty and go to trial you would be presumed innocent until
5   the government proved your guilt beyond a reasonable doubt?
6            THE DEFENDANT:  Yes, I do.
7            THE COURT:  Do you understand that if you were to go
8   to trial you would have a number of important constitutional
9   rights including the right to be represented by counsel and to
10  have counsel appointed for you if you cannot afford an
11  attorney?
12           THE DEFENDANT:  Yes.
13           THE COURT:  Do you understand that at trial you cannot
14  be forced to testify against yourself?
15           THE DEFENDANT:  Yes.
16           THE COURT:  Do you understand at a trial you would
17  have the right to confront and cross-examine witnesses called
18  by the government?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Do you understand that at a trial you
21  would have the right to testify yourself and to call witnesses
22  on your behalf and to compel their attendance by subpoena if
23  necessary?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Do you understand that if your guilty plea
              SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

10

7CJAAMAGP                 Plea
1   is accepted there will be no trial of any kind and the only
2   remaining steps in your case will be a presentence report and
3   sentencing by Judge Stein?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Have you discussed with your attorney the
6   role that the sentencing guidelines play in sentencing?
7            THE DEFENDANT:  Yes.
8            THE COURT:  Do you understand that the district judge
9   will retain discretion regardless of what calculations there
10  are under the guidelines?
11           THE DEFENDANT:  Yes.
12           THE COURT:  Do you understand that the calculation
13  under the guidelines will take into account a number of factors
14  including the actual conduct in which you engaged, any victims
15  of the offense, the role that you played in the offense,
16  whether or not you have accepted responsibility for your acts,
17  whether you have any criminal history or whether you have
18  engaged in any obstruction of justice; do you understand that?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Between now and the date of sentencing the
21  probation department will conduct an investigation and will
22  prepare a presentence report.  Your attorney, the government
23  and Judge Stein will receive copies.  Both your attorney and
24  the government will have the opportunity to object if they
25  believe anything in the report is inaccurate; do you understand
              SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

11

7CJAAMAGP                 Plea
1   that?
2            THE DEFENDANT:  Yes.
3            THE COURT:  Do you understand that until the
                      Page 5

7CJAAMAGP1.txt
```
 4   presentence report is prepared neither your attorney nor the
 5   government, nor Judge Stein will be able to determine precisely
 6   what range of penalties will be calculated under the
 7   guidelines.
 8             THE DEFENDANT:  Yes.
 9             THE COURT:  Do you understand than regardless of
10   calculation and the guidelines your sentence cannot exceed the
11   maximums that I advised you of earlier?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Do you understand that under certain
14   circumstances both you and the government may have the right to
15   appeal the sentence imposed.
16             THE DEFENDANT:  Yes.
17             THE COURT:  Do you understand that if the sentence is
18   more severe than you expected you will be bound by your guilty
19   plea and will not be permitted to withdraw it?
20             THE DEFENDANT:  Yes.
21             THE COURT:  You understand that parole has been
22   abolished and that if you are sentenced to any term of
23   imprisonment you will be required to serve the entire term?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Mr. Maggio, are you a citizen of the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```
                                                                    12
7CJAAMAGP              Plea
```
 1   United States?
 2             THE DEFENDANT:  Yes, I am.
 3             THE COURT:  Mr. Maggio, I have been handed up a plea
 4   agreement from your case.  Have you had an opportunity to
 5   review and go over this agreement with your attorneys?
 6             THE DEFENDANT:  Yes.
 7             THE COURT:  Do you understand that one of the
 8   provisions in the plea agreement is that you admit the
 9   forfeiture allegation in the information and that you agree to
10   forfeit to the United States a sum of money equal to two
11   billion, four hundred million dollars?
12             THE DEFENDANT:  Yes.
13             THE COURT:  That is what it says, right?
14             MR. BAROFSKY:  Yes, your Honor, that number is
15   correct.
16             Your Honor, the plea cooperation agreement also
17   provides, however, that in satisfaction of that amount there
18   are certain schedules attached to the plea agreement which the
19   government will accept in satisfaction of that judgment.
20             MR. SCHECTMAN:  We don't have quite that much, your
21   Honor.
22             THE COURT:  Okay.  I thought had I too many zeros
23   myself at first.
24             MR. SCHECTMAN:  No, you read it right.
25             THE COURT:  That represents the amount of the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```
                                                                    13
7CJAAMAGP              Plea
```
 1   proceedings obtained as a result of the offense; do you
 2   understand that?
 3             THE DEFENDANT:  Yes.
 4             THE COURT:  You also understand that any forfeiture
 5   would not be treated as satisfaction of any fine, restitution,
 6   cause of imprisonment or any other penalty the Court may
 7   impose?
 8             THE DEFENDANT:  Yes.
                            Page 6
```

```
                              7CJAAMAGP1.txt
    9              THE COURT:  And as indicated in the agreement, there
   10   is a scheduled pay of assets.  You have seen the schedule and
   11   you have gone over it with your attorneys?
   12              THE DEFENDANT:  Yes.
   13              THE COURT:  To make sure that it's accurate?
   14              THE DEFENDANT:  Yes.
   15              MR. SCHECTMAN:  Judge, I might point out for the
   16   record there is a Schedule B as well, which are assets that are
   17   in Mrs.~Maggio's name that are being forfeited as part of the
   18   plea and there is a separate agreement that need not concern
   19   your Honor in this matter involving Mrs.~Maggio.
   20              THE COURT:  Is that correct, Mr. Maggio, there is also
   21   a Schedule B?
   22              THE DEFENDANT:  Yes.
   23              THE COURT:  That's Mrs.~Maggio's assets?
   24              THE DEFENDANT:  Yes.
   25              THE COURT:  That is also covered by the agreement that
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

14

```
        7CJAAMAGP                       Plea
    1   you made with the government?
    2              THE DEFENDANT:  Yes.
    3              THE COURT:  You are also understand the agreement
    4   provides that you cooperate fully with the United States
    5   attorney's office?
    6              THE DEFENDANT:  Yes.
    7              THE COURT:  And that in exchange for that cooperation,
    8   assuming that the office determines that you have made full and
    9   accurate disclosures to them, the government has agreed that it
   10   will submit a motion pursuant to Section 5K1.1 of the
   11   sentencing guidelines in your favor?
   12              THE DEFENDANT:  Yes.
   13              THE COURT:  Do you understand that if for any reason
   14   the government determines that it will not file such a motion
   15   you will not be allowed to withdraw your plea?
   16              THE DEFENDANT:  Yes.
   17              THE COURT:  You understand that even if the government
   18   files such a motion sentencing will still be at the sole
   19   discretion of the Court?
   20              THE DEFENDANT:  Yes, I did.
   21              THE COURT:  Is there anything else in the agreement
   22   that I might want to highlight?
   23              MR. BAROFSKY:  No, your Honor.
   24              THE COURT:  All right.  Other than the representations
   25   in this agreement, have any promises been made to you by anyone
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

15

```
        7CJAAMAGP                       Plea
    1   to influence you to plead guilty?
    2              THE DEFENDANT:  No.
    3              THE COURT:  This constitutes the sole agreement that
    4   you have?
    5              THE DEFENDANT:  Yes.
    6              THE COURT:  Has anyone promised you a specific
    7   sentence if you plead guilty?
    8              THE DEFENDANT:  No.
    9              THE COURT:  Has anyone made any threats to you to
   10   influence you to plead guilty?
   11              THE DEFENDANT:  No.
   12              THE COURT:  Are you making this plea voluntarily of
   13   your own freewill and choice?
                                Page 7
```

7CJAAMAGP1.txt
14          THE DEFENDANT:  Yes, I am.
15          THE COURT:  The elements of the offense is?
16          MR. BAROFSKY:  Your Honor, for Counts One defendant's
17  is charged with conspiracy.  The government would be required
18  to prove each of the elements beyond a reasonable doubt.
19  First, that there is an assistance of a an agreement or
20  understanding to commit one of the objects charged in the
21  information.
22          Second, the defendant knowingly became a member of
23  that agreement or understanding.
24          And third, that one of the conspirators or
25  coconspirators or Mr. Maggio knowingly committed at least one
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                    16

7CJAAMAGP                      Plea
1   overt act in furtherance of the conspiracy during its life.
2           With respect to the securities frauds counts in two
3   and three, first, the defendant in connection with the purchase
4   or sale of securities, here the notes that are described in
5   Count Two and the common stock of Revko that's referenced in
6   Count Three did one or more of the following:  Employed a
7   devise, scheme or artifice to defraud or made an untrue
8   statement of a material fact or admitted to state a material
9   fact which made what was said under the circumstances
10  misleading or engaged in an act, practice or course of business
11  that operated or would operate as a fraud or deceit upon a
12  purchase of a seller for securities.
13          Second the defendant acted knowingly, willfully with
14  the intent to defraud.
15          And third, the defendant used or caused to be used any
16  means or instruments of transportation or communication in
17  interstate commerce or use of the mails in furtherance of that
18  fraudulent conduct.
19          and with respect to the Count Four wire fraud, first,
20  that there was a scheme or artifice to defraud that existence
21  the defendant must have participated in the scheme with the
22  intent to defraud misrepresentations or omissions must have
23  related to a material fact, that the scheme was executed to
24  obtain money or property.
25          And finally, that in execution of the scheme the
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                                    17

7CJAAMAGP                      Plea
1   defendant used or caused to be used interstate wires or that
2   such use was reasonably foreseeable to him.
3           THE COURT:  Mr. Maggio, did you hear that recitation?
4           THE DEFENDANT:  Yes.
5           THE COURT:  Did you understand that if the government
6   were to proceed to trial against you it would have the burden
7   of proving each element for each offense, that is, each count
8   beyond a reasonable doubt.
9           THE DEFENDANT:  Yes.
10          THE COURT:  Did you commit the offenses for which you
11  have been charged, Mr. Maggio?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Tell me what you did.
14          MR. SCHECTMAN:  Judge, if it's acceptable to you
15  Mr. Maggio has written out a statement that I think speaks to
16  all four crimes.
17          THE COURT:  Considering the complexities here I'll
18  allow him to read and then if it's not he could fill in the
                        Page 8

7CJAAMAGP1.txt
```
19   gaps.
20           THE DEFENDANT:  Your Honor, from the late 1990s to
21   October 2005 I was a senior executive at Revko Ink.  During
22   that period I participated with others to hide the true
23   financial health of Revko from banks, counter-parties, auditors
24   and investors.  With my knowledge and active participation
25   Revko's substantial losses were covered up as revenues padded
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

                                                                    18

7CJAAMAGP                    Plea
```
 1   and certain operating expenses were moved off its book.  Among
 2   the acts I personally engaged in the signing of loan agreements
 3   referencing paragraphs 61-D and 61-P of the indictment.
 4           As a result of my conduct and that of my
 5   coconspirators false financial statements were issued to obtain
 6   debt financing from the public including 9 percent senior
 7   subordinated notes referenced in Count Two of the indictment.
 8           To consummate the sale of 57 percent of Revko to a
 9   group headed by Thomas H. Lee in 2004 and to obtain $800
10   million in bank financing the same year and to effect the Revko
11   initial public offering in 2005.  Moreover, with my knowledge
12   false financial statements were filed with the SEC including
13   form 10K referencing Count Four.  The mails and interstate
14   wires were used as part of the fraudulent scheme.
15           I deeply regret my conduct and the harm that it has
16   caused.
17           THE COURT:  First of all, with respect to all of the
18   activities that you've indicate you participated in it
19   knowingly?
20           THE DEFENDANT:  Yes.
21           THE COURT:  Okay.  Where did this take place.
22           THE DEFENDANT:  In New York, New York.  Manhattan, New
23   York.
24           THE COURT:  You said coconspirators, so other people
25   had agreed with you to effectuate this scheme?
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

                                                                    19

7CJAAMAGP                    Plea
```
 1           THE DEFENDANT:  Yes.
 2           THE COURT:  And the intent of this scheme was to
 3   defraud?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  Now, I know you mentioned the notes and I
 6   think you mentioned the 2005 initial offering that was
 7   addressed to Count Three of the information, that is, whether
 8   or not you had a scheme to defraud people based on the value of
 9   the stock?
10           THE DEFENDANT:  Correct, your Honor.
11           THE COURT:  Mr. Maggio?
12           THE DEFENDANT:  Yes.
13           THE COURT:  That did involve false statements?
14           THE DEFENDANT:  Yes.
15           THE COURT:  False filings that you've indicated?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Now, you said you used the mails which
18   interstate -- I mean, you used the mails, a phone?  How did you
19   use --
20           THE DEFENDANT:  Yes, used regular mail.  We used
21   Express Mail.  We used e-mail all to effect the scheme.
22           THE COURT:  You submitted false statements in the
23   mail?
```
                            Page 9

7CJAAMAGP1.txt
24          THE DEFENDANT:  False statements, loan agreements as
25     referenced here, yes.
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
                                                                    20

7CJAAMAGP                    Plea
 1          THE COURT:  Okay.  Any --
 2          MR. BAROFSKY:  Your Honor, I'll just represent to the
 3     Court that with respect to Count Four, the wire transmission
 4     did in fact originate in the Southern District of New York in
 5     Manhattan and was wired outside of the Southern District to
 6     Virginia.
 7          THE COURT:  Anything else?
 8          MR. SCHECTMAN:  Nothing, your Honor.
 9          MR. BAROFSKY:  No, your Honor.
10          THE COURT:  I am depending on you here.  Does any
11     either counsel know of any reason why I should not recommend
12     that this plea not be accepted?
13          MR. BAROFSKY:  No, your Honor.
14          MR. SCHECTMAN:  No, your Honor.
15          THE COURT:  Based on defendant's allocution and the
16     recommendations by the government I find that the defendant
17     understands the nature, the charges and consequences of his
18     guilty plea.  I also find that the plea is voluntary and that
19     there is a factual basis for the plea.  I, therefore, recommend
20     that the plea be accepted and direct that a presentence report
21     be reaped.
22          Sentencing will take place before Judge Stein on.
23          MR. BAROFSKY:  May 9, at 2 p.m.
24          THE COURT:  Is there anything else that needs to be
25     addressed today.
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
                                                                    21

7CJAAMAGP                    Plea
 1          MR. BAROVSKY:  Not from the government, your Honor.
 2          MR. SCHECTMAN:  Not from the offense.
 3          THE COURT:  We are adjourned.
 4                          o O o
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                        Page 10