```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
AXIS REINSURANCE COMPANY,                                          :   No. 07-CV-7924 (GEL)
                                                                   :
                              Plaintiff,                           :
             v.                                                    :
                                                                   :
PHILLIP R. BENNETT, et al.,                                        :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ X
                                                                   :
In re                                                              :   Chapter 11
                                                                   :
REFCO, INC., et al.,                                               :   Case No. 05-60006 (RDD)
                                                                   :
                              Debtors.                             :   Jointly Administered
                                                                   :
------------------------------------------------------------------ X
                                                                   :
AXIS REINSURANCE COMPANY,                                          :   Adv. Proc. No. 07-1712-RDD
                                                                   :
                              Plaintiff,                           :
             v.                                                    :
                                                                   :
PHILLIP R. BENNETT, et al.,                                        :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ X
                                                                   :
TONE N. GRANT, et al.,                                             :   Adv. Proc. 07-2005-RDD
                                                                   :
                              Plaintiffs,                          :
             v.                                                    :
                                                                   :
AXIS REINSURANCE COMPANY,                                          :
                                                                   :
                              Defendant.                           :
                                                                   :
------------------------------------------------------------------ X
```

1

| | |
|---|---|
| LEO R. BREITMAN, et al., | Adv. Proc. No. 07-2032-RDD |
| Plaintiffs, | |
| v. | |
| AXIS REINSURANCE COMPANY, | |
| Defendant. | |

-----------------------------------------------------------------X

| | |
|---|---|
| AXIS REINSURANCE COMPANY, | (1) No. 07-CV-9420-GEL |
| | (2) No. 07-CV-9842-GEL |
| Plaintiff, | (3) No. 07-CV-10302-GEL |
| v. | |
| PHILLIP R. BENNETT, et al., | |
| Defendants. | |

-----------------------------------------------------------------X

| | |
|---|---|
| TONE N. GRANT, et al., | No. 07-CV-9843-GEL |
| Plaintiffs, | |
| v. | |
| AXIS REINSURANCE COMPANY, | |
| Defendant. | |

-----------------------------------------------------------------X

**AFFIDAVIT OF HAROLD NEHER IN SUPPORT OF APPELLANT
AXIS INSURANCE COMPANY'S MOTION TO STAY**

State of New Jersey  )
                             )ss:
County of Union        )

2

I, Harold Neher, swear and state as follows:

1.  My name is Harold Neher. I am over 18 years of age. I make this affidavit on personal knowledge.

2.  I am an Assistant Vice President at Axis Specialty US Services, Inc. Part of my job description includes responsibility for claims management involving policies underwritten by Axis Reinsurance Company ("Axis"). I am also generally familiar with underwriting policies at Axis and in the industry.

3.  If Axis is forced to continue to pay the Insureds' defense costs in accordance with the Bankruptcy Court's October 19, 2007 Order, Axis will suffer irreparable harm for the reasons set forth below.

4.  During the pendency of this appeal, Axis has been complying with the Bankruptcy Court's Order and Axis has paid over $7 million of its $10 million Limit of Liability. Of this amount, over $5 million has been paid towards the defense of the Indicted Insureds, over $1.3 million has been paid towards the defense of the Officer Insureds, and over $737,000 has been paid towards the defense of the Director Insureds.

5.  Axis does not possess any information, and the Insureds have steadfastly refused to provide any information, indicating that they will have the ability to repay the amounts Axis has paid, and is paying, pursuant to the Bankruptcy Court's Order, if Axis obtains a determination that such amounts must be repaid. Indeed, the amounts at issue and the circumstances that the respondents face (*i.e.*, ongoing civil and criminal litigation

3

that currently is in discovery) normally would make the prospect of repayment highly unlikely.

6. In an effort to provide such assurance, Axis requested that the Insureds be required to post a security bond for the amounts that Axis is ordered to advance. The Insureds refused and the Bankruptcy Court denied the request.

7. The Bankruptcy Court's Order requires Axis to advance defense costs to the Insureds despite Axis's denial of coverage. The ability to enforce policy exclusions is critical to an insurer's ability to successfully and rationally underwrite directors and officers liability insurance risks. Policy exclusions represent those risks that an insurer such as Axis has determined it cannot or will not underwrite. When an insurer such as Axis underwrites its policies, part of its calculation of the risk presented is based on its understanding that it will be able to enforce its policy exclusions.

8. If Axis is not able to enforce its policy exclusions — that is, if it is forced to make payments under its policies despite having denied coverage, and in the absence of a court determination that its coverage denial was wrong — Axis will suffer damage because the policies it has in place were underwritten with a contrary understanding. Such damage includes, at a minimum, lost premiums (*i.e.*, additional premium Axis would have demanded had it known it would be forced to insure risks it believed were excluded); unforeseeable claims expense (*i.e.*, payments on claims it believed were excluded); and litigation costs (*i.e.*, costs incurred to obtain judicial declarations of no coverage whenever Axis seeks to enforce a policy exclusion).

9. Furthermore, Axis is part of a public company that must answer to its shareholders regarding its finances. A $10 million dollar Claim is not immaterial, particularly when it is being paid out on a Claim that Axis has denied and which Axis has little hope of ever recovering if it prevails on its appeal of the Bankruptcy Court's Order.

Date: January 14, 2008

_____
Harold Neher

Sworn to before me and subscribed
in my presence this 14th day of January, 2008.

_____
NADINE S. LEWIS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Aug. 9, 2009